## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**JESSICA HARRIS,**

     **Plaintiff,**                       **CASE NO.:**

**vs.**                                   **DEMAND FOR JURY TRIAL**

**EXPERIAN INFORMATION SOLUTIONS, INC.,**
**TRANS UNION, LLC, SYNCHRONY BANK**
**and MIDLAND CREDIT MANAGEMENT, INC.**

                 **Defendants.**

_____/

## COMPLAINT

COMES NOW Plaintiff, JESSICA HARRIS, (hereinafter "Plaintiff"), by and through undersigned counsel, and files this Complaint against Defendants, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION, LLC, SYNCHRONY BANK and MIDLAND CREDIT MANAGEMENT, INC, and alleges:

### I. PARTIES

1. Plaintiff is a natural person, a resident of Duval County, Florida, and a "consumer" as defined by 15 U.S.C. § 1681a (c) of the FCRA. In addition, Plaintiff is a consumer as that term is defined by the FCCPA and the FDCPA.

Case 3:23-cv-00223-HES-J_T   Document 1   Filed 02/28/23   Page 2 of 24 PageID 2

2. Defendant Experian is an Ohio limited liability company with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626 and is subject to the jurisdiction of this Court.

3. At all times material Defendant EXPERIAN is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports. EXPERIAN disburses such consumer reports to third parties under contract for monetary compensation.

4. Defendant TRANS UNION is an Delaware limited liability company with its principal place of business located at 555 WEST ADAMS STREET, CHICAGO, IL 60661 and is subject to the jurisdiction of this Court.

5. At all times material Defendant TRANS UNION is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports. TRANS UNION disburses such consumer reports to third parties under contract for monetary compensation.

6. Defendant Synchrony Bank is a bank that operates from Draper, UT and specializes in "store credit cards." It does business under the names of several

companies, including Rooms To Go, and is subject to the jurisdiction of this court.

7.   Defendant Synchrony Bank is an entity who furnishes information to consumer reporting agencies as provided in the FCRA, 15 U.S.C. § 1681s-2.

8.   Defendant Midland Credit Management, Inc. is a collection company based in San Diego, CA. and is subject to the jurisdiction of this court.

9.   Defendant Midland Credit Management, Inc. is an entity who furnishes information to consumer reporting agencies as provided in the FCRA, 15 U.S.C. § 1681s-2.

10.  Defendant Midland Credit Management, Inc. is a debt collector as that term is defined in the FDCPA, 15 U.S. Code § 1692a(6) and the FCCPA, Fla. Stat. 559.55(7).

## II. JURISDICTION AND VENUE

11.  Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to the FCRA, 15 U.S.C. § 1681 *et seq.* and the FDCPA, 15 U.S.C. § 1692 *et seq.*

12.  Jurisdiction of this court for the state claim under the Florida Consumer Collections Practices Act ("FCCPA"), Fla. Stat. 559.55 *et seq.*, is conferred supplemental jurisdiction pursuant to 28 U.S. Code § 1367(a), as it arose from the same actions by Defendants in this case and is related to Plaintiff's FCRA claims.

13.     Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and the Defendants transact business here pursuant to the FCRA, 15 U.S.C. § 1681p and 28 U.S.C. § 1391.

### III. FACTUAL ALLEGATIONS

14.     On or about September 7, 2015, an unknown third party opened a Rooms to Go credit card account, backed by Defendant Synchrony, in Miami, FL. Plaintiff was completely unaware of this transaction, and did not authorize nor ratify it.

15.     Plaintiff never received any money or benefit from this fraudulent account.

16.     Expectedly, this criminal account was not paid by the identity thief and the resulting debt of over $5,000 was charged off.

17.     On or about March 27, 2019, this account was purchased by Defendant Midland Credit Management for collection.

18.     Earlier in 2019, Plaintiff found out about the identity theft with Rooms To Go and disputed directly with Rooms To Go.

19.     For the years that followed, Plaintiff disputed directly with Synchrony and Midland.

20.     As of the filing of this action, Defendants Synchrony and Midland continue to attempt to collect on this debt.

21.   Upon information and belief, prior to Plaintiff's dispute letters in 2021, all Defendants had notice and knowledge of identity theft on Plaintiff's accounts.

22.   From 2021 through 2022, Plaintiff sent three dispute letters to the credit bureaus, Experian, Trans Union, and Equifax, disputing these fraudulent accounts and requesting that they be removed. *See Exhibit A*, **Dispute Letters.**

23.   After receiving these dispute letters, Experian had not removed these accounts.

24.   On or about April 16, 2021, Plaintiff sent a dispute letter to all three credit bureaus, explaining that the Synchrony and Midland accounts did not belong to her. *See Exhibit A.*

25.   Defendant Trans Union deleted the underlying Synchrony account but *verified* the Midland account which was based on the original, fraudulent Synchrony account.

26.   It was not until after Plaintiff's second dispute letter in August 2021 that Trans Union finally deleted the Midland account.

27.   After receiving these dispute letters, upon information and belief, the credit bureau Defendants properly contacted the Defendants, but failed to change or remove the accounts.

28.   After receiving Plaintiff's dispute letters, upon information and belief, Defendants failed to conduct a reasonable investigation of the accounts.

29.   Further, after receiving Plaintiff's dispute letters, Defendants Synchrony and Midland did not have enough information available to them, based on the underlying previous disputes, to confirm that the account belonged to Jessica Harris. This inability to confirm to "maximum accuracy" is a violation of the Fair Credit Reporting Act and the Plaintiff's rights regarding her consumer report.

## RESULTS OF DEFENDANTS' FAILURES

30.   As of the date of this Complaint, Defendant Experian has continued to improperly report the fraudulent loan under the Synchrony and Midland accounts.

31.   From approximately April 2021 through August 2021, Defendant Trans Union reported the fraudulent Midland account after acknowledging that the account it stemmed from, Synchrony/Rooms to Go, was indeed inaccurate enough to be deleted.

32.   When Plaintiff disputed the accounts, Defendant Experian was required to perform a reinvestigation; however, the Defendant did not properly reinvestigate the dispute and continued to report the erroneous credit information with actual knowledge of errors, in violation of the FCRA.

6

33.   When Plaintiff disputed the accounts with Trans Union, Defendant was required to perform a reinvestigation as to the Midland Account. However, Defendant Trans union did not properly reinvestigate the dispute and continued to report the erroneous credit information with actual knowledge of errors, in violation of the FCRA.

34.   When Plaintiff disputed the account, Defendant SYNCHRONY was required to perform a reinvestigation; however, Defendant SYNCHRONY continued to report the erroneous credit information with actual knowledge of errors, in violation of the FCRA, **for years** in complete disregard to the disputes and information provided by Plaintiff.

35.   When Plaintiff disputed the account, Defendant MIDLAND was required to perform a reinvestigation; however, Defendant MIDLAND continued to report the erroneous credit information with actual knowledge of errors, in violation of the FCRA, **for years** in complete disregard to the disputes and information provided by Plaintiff.

36.   As a result of Defendants' credit reporting of the fraudulent accounts on Plaintiff's credit reports, Plaintiff's credit score was reduced, affecting her in Florida.

37. Among other damages, Plaintiff was turned down for her original auto financing when purchasing a car and had to receive a higher interest rate and payment.

38. Plaintiff retained undersigned counsel for purpose of pursuing this matter against Defendants and Plaintiff is obligated to pay her attorneys a reasonable fee for their services.

39. All necessary conditions precedent to the filing of this action occurred or Defendants have waived.

## IV. CAUSES OF ACTION

### COUNT I
### CLAIMS AGAINST DEFENDANT EXPERIAN
### FOR VIOLATIONS OF THE FCRA
### 15 U.S.C. § 1681 *et seq.*

40. Plaintiff incorporates Paragraph 1 – 39 above as fully stated herein.

41. Defendant Experian willfully and/or negligently failed to put in place procedures to properly reinvestigate consumer claims of inaccuracy in credit reports.

42. Defendant Experian willfully and/or negligently ignored the information provided to it by Plaintiff and by the results of the other fraudulent account investigations.

43. Defendant Experian willfully and/or negligently refused to properly reinvestigate Plaintiff's consumer report.

8

44. Defendant Experian willfully and/or negligently violated 15 U.S.C. § 1681e (b).

45. Defendant Experian willfully and/or negligently violated 15 U.S.C. § 1681i(a)1.

46. Defendant Experian willfully and/or negligently violated 15 U.S.C. § 1681i (a)(4).

47. Defendant Experian negligently and/or willfully failed to properly consider and give due weight to all relevant information submitted by Plaintiff in the course of the reinvestigation, in violation of the FCRA, 15 U.S.C. § 1681 (a)(4), especially when Trans Union recognized that the accounts Plaintiff disputed were indeed fraudulent.

48. Defendant Experian willfully and/or negligently violated 15 U.S.C. § 1681i (a)(5).

49. In response to the request for reinvestigation, Defendant Experian improperly verified the trade lines as correct, and refused to remove the inaccurate information, in violation of the requirements of the FCRA, 15 U.S.C. § 1681i (a)(5).

50. Defendant Experian has negligently and/or willfully failed to conduct a proper reinvestigation of the trade lines in violation of the FCRA, 15 U.S.C. §§ 1681i.

51.   As noted above, Experian failed to conduct a proper investigation by wholly ignoring the plain language of Plaintiff's dispute.

52.   Defendant Experian's actions in violating the FCRA constituted negligent and/or willful noncompliance with the FCRA and entitles Plaintiff to actual damages, statutory damages, and attorney's fees and costs as enumerated in 15 U.S.C. §§ 1681n and/or 1681o.

53.   Defendant Experian's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff as stated herein, and as a result, Defendant Experian is liable to compensate Plaintiff for the full amount of statutory and actual damages, along with attorney's fees and costs, as well as such other relief as permitted by law.

54.   Additionally, the court may award punitive damages under 15 U.S.C. § 1681n. Plaintiff will seek to amend the Complaint to seek same if discovery shows punitive damages may be proper.

**WHEREFORE**, Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against Defendant EXPERIAN:

a)   For actual damages;

b)   For compensatory damages;

c)   For statutory damages;

d)   For attorney's fees and costs incurred in this action;

e)      For an Order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and;

f)      For such other and further relief as the Court may deem just and proper.

## COUNT II
## CLAIMS AGAINST DEFENDANT TRANS UNION
## FOR VIOLATIONS OF THE FCRA
## 15 U.S.C. § 1681 *et seq.*

55.     Plaintiff incorporates Paragraph 1 – 39 above as fully stated herein.

56.     Defendant Trans Union willfully and/or negligently failed to put in place procedures to properly reinvestigate consumer claims of inaccuracy in credit reports.

57.     Defendant Trans Union willfully and/or negligently ignored the information provided to it by Plaintiff and by the results of the other fraudulent account investigations.

58.     Defendant Trans Union willfully and/or negligently refused to properly reinvestigate Plaintiff's consumer report.

59.     Defendant Trans Union willfully and/or negligently violated 15 U.S.C. § 1681e (b).

60.     Defendant Trans Union willfully and/or negligently violated 15 U.S.C. § 1681i(a)1.

61.     Defendant Trans Union willfully and/or negligently violated 15 U.S.C. § 1681i (a)(4).

62.     Defendant Trans Union negligently and/or willfully failed to properly consider and give due weight to all relevant information submitted by Plaintiff in the course of the reinvestigation, in violation of the FCRA, 15 U.S.C. § 1681 (a)(4), especially when the Defendant recognized that the Synchrony account Plaintiff disputed was indeed fraudulent.

63.     Defendant Trans Union willfully and/or negligently violated 15 U.S.C. § 1681i (a)(5).

64.     In response to the request for reinvestigation, Defendant Trans Union improperly verified the trade lines as correct, and refused to remove the inaccurate information, in violation of the requirements of the FCRA, 15 U.S.C. § 1681i (a)(5).

65.     Defendant Trans Union has negligently and/or willfully failed to conduct a proper reinvestigation of the trade lines in violation of the FCRA, 15 U.S.C. §§ 1681i.

66.    As noted above, Trans Union failed to conduct a proper investigation by wholly ignoring the plain language of Plaintiff's dispute but only for the Midland account, not the Synchrony account.

67.    Defendant Trans Union's actions in violating the FCRA constituted negligent and/or willful noncompliance with the FCRA and entitles Plaintiff to actual damages, statutory damages, and attorney's fees and costs as enumerated in 15 U.S.C. §§ 1681n and/or 1681o.

68.    Defendant Trans Union's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff as stated herein, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory and actual damages, along with attorney's fees and costs, as well as such other relief as permitted by law.

**WHEREFORE**, Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against Defendant TRANS UNION:

a)    For actual damages;

b)    For compensatory damages;

c)    For statutory damages;

d)    For attorney's fees and costs incurred in this action;

e)    For an Order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting

the inaccurate information to any and all persons and entities to whom they report

consumer credit information; and;

f)      For such other and further relief as the Court may deem just and

proper.

### COUNT III
### CLAIMS AGAINST DEFENDANT
### SYNCHRONY BANK
### FOR VIOLATIONS OF THE FCRA
### 15 U.S.C. § 1681 *et seq.*

69.   Plaintiff incorporates Paragraph 1-39 above as if fully stated herein.

70.   Defendant SYNCHRONY has willfully and/or negligently violated the

provisions of the FCRA by willfully and/or negligently failing to comport

with FCRA, 15 U.S.C. § 1681s-2(b).

71.   Specifically, SYNCHRONY violated 15 U.S.C. § 1681s-2(b) by failing to

conduct a reasonable investigation of disputed information, by failing to

review all relevant information provided by the consumer reporting agency,

by failing to review Plaintiff's prior dispute letters, and its own entire file as

part of such investigation, by failing to accurately communicate the results

of its investigation to the consumer reporting agencies, by verifying

inaccurate or incomplete information to a consumer reporting agency as part

of a reinvestigation of such information disputed by Plaintiff and/or by

verifying and continuing to report inaccurate information after notice and confirmation of those errors.

72.    Further, SYNCHRONY violated 15 U.S.C. § 1681s-2(b) by failing to promptly modify, delete or permanently block information disputed by Plaintiff which it knew or reasonably should have known was inaccurate, obsolete and/or incomplete.

73.    Following the reinvestigation and dispatch of direct notice to SYNCHRONY, who failed to notify the consumer reporting agencies to whom it reported credit information that the debts were disputed, in violation of the FCRA, 15 U.S.C. §§ 1681s-2(b) the general duties implied to all conduct of furnishers under 15 U.S.C. § 1681s-2(a)(3).

74.    SYNCHRONY's reinvestigation was not conducted in good faith.

75.    SYNCHRONY's reinvestigation was not conducted reasonably.

76.    SYNCHRONY's reinvestigation was not conducted using all information reasonably available to the Defendant.

77.    SYNCHRONY's reinvestigation was *per se* deficient by reason of these failures in its reinvestigation of the trade line on Plaintiff's consumer report in light of information it already had and multiple disputes with the credit bureaus.

78.    SYNCHRONY's actions in violating the FCRA, 15 U.S.C. § 1681s-2(b) constituted willful and/or negligent noncompliance with the FCRA, and entitles Plaintiff to actual damages enumerated in 15 U.S.C. § 1681o and/or 15 U.S.C. § 1681n.

79.    Defendant has violated and **continues to violate** 15 U.S.C. § 1681s-2(a)(1)(A) ("A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate").

80.    Defendant SYNCHRONY had actual knowledge of the fraud and identity theft claims made by Plaintiff relating to an account with Defendant.

81.    Defendant SYNCHRONY had **received multiple disputes from the bureaus** to find that this account was fraudulent. In light of the fraud report related to the account and filed police report, Defendant SYNCHRONY **still reported the account as accurate.**

82.    Despite having all the information available to it as the other credit bureaus, the Defendant **still continued to report inaccurate and harmful information** in violation of 15 U.S.C. § 1681s-2(a)(1)(A). And SYNCHRONY is **still reporting this information.**

83.   As a result of SYNCHRONY's conduct, actions, and inactions, Plaintiff has suffered emotional distress, humiliation, mental anguish and damages to her creditworthiness.

84.   SYNCHRONY's actions and inactions are willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, these actions were grossly negligent entitling Plaintiff to recover actual damages under 15 USC § 1681o.

85.   Plaintiff is entitled to recover costs and attorney fees from Defendant SYNCHRONY in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or §1681o.

86.   SYNCHRONY's actions demonstrate an honest disregard for consumers and consumer law. Plaintiff will move for punitive damages following discovery of relevant information.

**WHEREFORE**, Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against SYNCHRONY BANK:

a)   For actual damages;

b)   For compensatory damages;

c)   For statutory damages;

d)   For punitive damages;

e)    For attorney's fees and costs incurred in this action;

f)    For an Order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and

g)    For such other and further relief as the Court may deem just and proper.

**COUNT IV**
**CLAIMS AGAINST DEFENDANT**
**MIDLAND CREDIT MANAGEMENT, INC.**
**FOR VIOLATIONS OF THE FCRA**
**15 U.S.C. § 1681 *et seq.***

87.    Plaintiff incorporates Paragraph 1-39 above as if fully stated herein.

88.    Defendant Midland has willfully and/or negligently violated the provisions of the FCRA by willfully and/or negligently failing to comport with FCRA, 15 U.S.C. § 1681s-2(b).

89.    Specifically, Midland violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation of disputed information, by failing to review all relevant information provided by the consumer reporting agency, by failing to review Plaintiff's prior dispute letters and its own entire file as part of such investigation, by failing to accurately communicate the results of its investigation to the consumer reporting agencies, by verifying inaccurate or

incomplete information to a consumer reporting agency as part of a reinvestigation of such information disputed by Plaintiff and/or by verifying and continuing to report inaccurate information after notice and confirmation of those errors.

90. Further, Midland violated 15 U.S.C. § 1681s-2(b) by failing to promptly modify, delete or permanently block information disputed by Plaintiff which it knew or reasonably should have known was inaccurate, obsolete and/or incomplete.

91. Following the reinvestigation and dispatch of direct notice to Midland, who failed to notify the consumer reporting agencies to whom it reported credit information that the debts were disputed, in violation of the FCRA, 15 U.S.C. §§ 1681s-2(b) the general duties implied to all conduct of furnishers under 15 U.S.C. § 1681s-2(a)(3).

92. Midland's reinvestigation was not conducted in good faith.

93. Midland's reinvestigation was not conducted reasonably.

94. Midland's reinvestigation was not conducted using all information reasonably available to the Defendant.

95. Midland's reinvestigation was *per se* deficient by reason of these failures in its reinvestigation of the trade line on Plaintiff's consumer report in light of information it already had and multiple disputes with the credit bureaus.

96.   Midland's actions in violating the FCRA, 15 U.S.C. § 1681s-2(b) constituted
      willful and/or negligent noncompliance with the FCRA, and entitles Plaintiff
      to actual damages enumerated in 15 U.S.C. § 1681o and/or 15 U.S.C. §
      1681n.

97.   Defendant has violated and **continues to violate** 15 U.S.C. § 1681s-
      2(a)(1)(A) ("A person shall not furnish any information relating to a
      consumer to any consumer reporting agency if the person knows or has
      reasonable cause to believe that the information is inaccurate").

98.   Defendant Midland had actual knowledge of the fraud and identity theft
      claims made by Plaintiff relating to an account with Defendant.

99.   Defendant Midland had **received multiple disputes from the bureaus** to
      find that this account was fraudulent.

100.  Despite having all the information available to it, Defendant **still continued
      to report inaccurate and harmful information** in violation of 15 U.S.C. §
      1681s-2(a)(1)(A).

101.  As a result of Midland's conduct, actions, and inactions, Plaintiff has
      suffered emotional distress, humiliation, mental anguish and damages to her
      creditworthiness.

102.  Midland's actions and inaction were willful rendering it liable for actual or
      statutory damages, and punitive damages in an amount to be determined by

the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 USC § 1681o.

103.  Plaintiff is entitled to recover costs and attorney fees from Defendant Midland in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or §1681o.

**WHEREFORE**, Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against Midland Capital Services:

a)   For actual damages;

b)   For compensatory damages;

c)   For statutory damages;

d)   For punitive damages;

e)   For attorney's fees and costs incurred in this action;

f)   For an Order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and

g)   For such other and further relief as the Court may deem just and proper.

## COUNT V
## CLAIMS AGAINST DEFENDANT
## MIDLAND FOR VIOLATIONS OF THE FDCPA

104.  Plaintiff incorporates Paragraph 1-39 above as if fully stated herein.

105.  This is an action seeking relief for violation of the FDCPA to recover statutory and actual damages under 15 U.S.C.A. § 1692k(a)(2)(B) and attorney's fees and the costs of this action under 15 U.S.C.A. § 1692k(a)(3).

106.  Plaintiff is a "consumer" and Midland is a "debt collector," as those terms are defined by 15 U.S.C. §1692a(3) and (6), respectively.

107.  At all relevant times, Defendant was trying to collect on a "debt" as it is defined in 15 U.S.C. §1692a(5) - the fraudulent loan account, originally from Defendant Synchrony.

108.  Defendant received the loan account in Default on or about March 2019.

109.  Between March 27, 2019 and the present, Defendants Synchrony and Midland received disputes demonstrating that the account it received from SYNCHRONY was fraudulent.

110.  Defendant's response to all of this was to report this debt on Plaintiff's credit, where third parties extending credit would see it and have to adjust their extensions of credit or otherwise deny Plaintiff.

111.  In addition, Midland continues to send collection letters to Jessica Harris demanding payment for the fraudulent debt. *See Exhibit B.*

22

112.  The monthly reporting instances on Plaintiff's credit are "communications" as that term is defined by 15 U.S.C. § 1692a(2).

113.  In continuing to report a debt to third parties it had ample notice was fraudulent, Defendant violated the following sections of the FDCPA:

a.  15 U.S.C. § 1692e(2)(A) ("false representation of the legal status of a debt");

b.  15 U.S.C. § 1692e (A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

114.  As a direct and proximate result of Defendant's FDCPA violations, Plaintiff has been harmed.  Plaintiff is entitled to statutory damages, any actual damages including emotional damages improper debt under 15 U.S.C. § 1692k(a)(2)(B) and attorney's fees and the costs of this action pursuant to 15 U.S.C. § 1692k(a)(3).

**WHEREFORE**, Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against Defendant:

a)  For actual damages;

b)  For compensatory damages;

c)  For statutory damages;

d)  For punitive damages;

e)      For attorney's fees and costs incurred in this action;

f)      For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

Respectfully submitted this 28th day of February, 2023.

/s/ Max Story_____
MAX STORY, ESQ.
Florida Bar:  0527238
AUSTIN J. GRIFFIN, ESQ.
Florida Bar: 0117740
328 2nd Avenue North, Suite 100
Jacksonville Beach, FL  32250
Phone: (904)372-4109
Fax:  (904) 758-5333
max@storylawgroup.com
austin@storylawgroup.com
lynette@storylawgroup.com
Attorneys for Plaintiff